UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLIN TRIMBLE,

                Plaintiff,                                      Hon. Paul L. Maloney

v.                                                Case No. 1:25-cv-1151

JERICHO MARING, et al.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by Plaintiff Jaylin Trimble, a pretrial detainee presently incarcerated in the Kent County Correctional Facility, pursuant to 42 U.S.C. § 1983. Trimble sues Grand Rapids Police Officers Jerico Maring and Kyle Juusola alleging that they violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution based on events that occurred on June 7, 2025. (ECF No. 1 at PageID.5.)

Presently before me is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). (ECF No. 19.) Trimble has responded (ECF No. 22), and Defendants have replied.[1] (ECF No. 23.) For the reasons that follow, I recommend that the Court: (1) **dismiss** Trimble's Fifth Amendment right against self-incrimination claim, his Eighth/Fourteenth Amendment claims to the extent they serve as the basis for his excessive force claim, and his Fourteenth Amendment (and Michigan Constitution) due process claim for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; (2) **grant** Defendants' motion insofar as it raises abstention under *Younger v. Harris*, 401 U.S. 37 (1971),

---

[1] Defendants' request for oral argument is denied as the parties' briefs adequately develop the issues and oral argument would not aid the decisional process.

but stay, rather than dismiss, the action; and (3) **deny** Defendants' motion to dismiss for insufficient service of process as moot.

## I. Background

Trimble alleges that on June 7, 2025, he was a backseat passenger in a car parked on the outside of the driveway at the Plaster Creek Park when Defendants Maring and Juusola approached the car and detained the occupants for illegal parking. (*Id.* at PageID.3.) Defendants began asking the driver and front-seat passenger to identify Trimble, but they apparently did not know his name. Defendant Maring, with his hand on holster, then yelled at Trimble, "Who are you? [L]et me see your fucking hands." (*Id.*) Maring then approached Trimble's door, forcefully removed him from the car, and searched his pockets, wallet, and backpack, but the search "came up negative[.]" Defendants handcuffed Trimble and placed him in the back seat of their cruiser. Trimble alleges that Defendants never searched the driver or other passenger and paid no attention to them. (*Id.*)

Inside the cruiser, Juusola began interrogating Trimble while Maring spoke to an officer who had arrived in another cruiser. Apparently in response to Trimble's refusal to answer his questions, Juusola "became belligerent" and "noticeably upset" and told Trimble, "I'll show you not to waste my time." (*Id.*) Juusola then exited the cruiser and searched Trimble's backpack again. Juusola stared at Trimble and then began placing all of Trimble's property, including his Social Security card, birth certificate, mail, and personal effects back inside his backpack. Over Trimble's objection, Juusola gave Trimble's backpack to the occupants of the detained vehicle and allowed them to leave. (*Id.* at PageID.3–4.) After Maring returned to the vehicle, Juusola told him "they were done here," and they departed for the Kent County Correctional Facility (KCCF).

On the way to KCCF, Trimble told Maring that Juusola had violated his rights and that he was going to pursue a legal action against Juusola, after which Juusola told Trimble to "shut up."

(*Id.* at PageID.4.) When they arrived at KCCF, Trimble demanded that Defendants provide him their badge numbers, but they ignored his demand and escorted him into the building. As Defendants took Trimble inside, he told them that they were "dirty cops" who had robbed him and that he was going to sue them, to which Juusola responded, "Shut up, you['re] obstructing my investigation." (*Id.*) Trimble alleges that when he told Juusola that he was not going to shut up, Juusola yanked him around by his right elbow and yelled, inches from Trimble's face, "Shut up!" After Trimble responded by blowing two kisses at Juusola, Juusola rammed Trimble face first into the plexiglass window multiple times and struck him in the back of his head repeatedly. (*Id.*) Trimble also alleges that Juusola repeatedly twisted and bent his handcuffed right hand and thumb while yelling, "Stop resisting." (*Id.*)

Trimble alleges that Defendant Juusola's use of force caused pain and swelling in his thumb requiring medical attention. Trimble alleges that he was given a brace and medication for his injuries and underwent two x-rays. Trimble claims that, in addition to physical pain and suffering, Juusola's excessive use of force caused him to experience mental and emotional distress leading to suicidal thoughts. (*Id.* at PageID.5.)

## II.  Discussion

Construing Trimble's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), I find that Trimble alleges claims for: (1) unlawful detention, search, and arrest without probable cause in violation of the Fourth Amendment against both Defendants; (2) excessive use of force in violation of the Fourth, Fourteenth, or Eighth Amendment against Defendant Juusola; (3) violation of his Fifth Amendment right against self-incrimination against Juusola; (4) violation of his Fourteenth Amendment right to due process against Defendant Juusola for giving away his property to the other occupants of the vehicle; and (5) violation of his right to equal protection

under the Fourteenth Amendment for searching Trimble but not the driver and the other occupant. Trimble also asserts due process and equal protection violations under the Michigan Constitution. (*Id.*)

Defendants move for dismissal on two grounds. First, they argue that the U.S. Marshal failed properly to serve them because the return of service shows that the summonses and complaints were served on the Grand Rapids Police Department's Watch Commander. (ECF No. 17.) They point out that the Watch Commander has no legal authority to accept service for them. (ECF No. 20 at PageID.53–54.) Second, Defendants contend that the Court should dismiss this matter pursuant to *Younger v. Harris*, 401 U.S. 27 (1971), because Trimble has been charged with assaulting, resisting, or obstructing a police officer, contrary to Mich. Comp. Laws § 750.81d(1), in the Kent County Circuit Court. (*Id.* at PageID.51; ECF No. 20-2.) Having reviewed the docket report in the criminal case, No. 25-05838, I note that Trimble pled guilty to the resisting and obstructing charge set forth in count 1 of the amended felony information in January 2026.[2] The docket report further shows that Trimble is scheduled for sentencing on March 19, 2026.

### A.    Fifth Amendment, Due Process, and Eighth Amendment Claims

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), a court may review a prisoner's complaint "at any time" and dismiss any claim that fails to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to the plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010).

---

[2] *See* https://www.kentcountymi.gov/1036/Search-Court-Records.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

### 1.    Fifth Amendment

Trimble alleges that Defendant Juusola violated his Fifth Amendment right against self-incrimination by interrogating him in the police cruiser while parked and en route to KCCF. Applying Supreme Court precedent, the Sixth Circuit has held that "'[m]ere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case.'" *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (quoting *Chavez v. Martinez*, 538 U.S. 760, 769 (2003) (plurality opinion) (footnote omitted)). Rather, "'[i]t is only once compelled incriminating statements are used in a criminal proceeding, as a plurality of six justices held in *Chavez v. Martinez*, that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action.'" *Id.* (quoting *Chevez*, 538 U.S. at 769). Trimble does not allege that he made incriminating statements that were used against him in a criminal proceeding, nor

5

could he, as he pled guilty to the resisting and obstructing charge. *See Feagin v. Ali*, No. 2:21-cv-5444, 2022 WL 71630, at *3 (S.D. Ohio Jan. 7, 2022), *adopted by* 2022 WL 4079582 (S.D. Ohio Sept. 6, 2022) (holding that the plaintiff failed to state a Fifth Amendment claim because the complaint did not "allege that any purportedly incriminating statements have been used in a criminal proceeding"). Accordingly, the Fifth Amendment claim should be dismissed.

### 2. Eighth Amendment

It is unclear why Trimble mentions the Eighth Amendment. Excessive force claims asserted by free citizens or arrestees are analyzed under the Fourth Amendment, claims by pretrial detainees are analyzed under the Fourteenth Amendment, and claims by convicted prisoners are assessed under the Eighth Amendment. *See Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021). Here, Trimble's allegations make clear that Defendant Juusola used force against Trimble during the course of an arrest rather than while Trimble was being held as a pretrial detainee or incarcerated as a convicted prisoner. Accordingly, I recommend that the Court dismiss the Eighth Amendment claim and—to the extent Trimble asserts it as the basis for his excessive force claim—the Fourteenth Amendment claim, because the excessive force claim in this case is governed by the Fourth Amendment.

### 3. Due Process Claim

Trimble alleges a due process claim, apparently based on Defendant Juusola's act of giving Trimble's property to the other occupants of the vehicle. This claim, however, is barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a government employee cannot maintain a federal due process claim unless the government fails to afford an adequate post-deprivation remedy. If an adequate post-

6

deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at

537, 541. This doctrine applies to both negligent and intentional deprivations of property, as long

as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468

U.S. 517, 530–36 (1984). A plaintiff must plead and prove the inadequacy of state post-deprivation

remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10

F.3d 373, 378 (6th Cir. 1993).

Trimble's due process claim is subject to dismissal because he does not allege that his state

remedies are inadequate. *King v. Montgomery Cnty.*, 797 F. App'x 949, 957 (6th Cir. 2020) ("In

that irregular circumstance, one driven more by human error than by adherence to a flawed

governmental policy, before we intervene, we require that the plaintiff demonstrate that the state

in which the error occurred—here Tennessee—affords her no adequate remedy."); *Rothhaupt v.

Maiden*, 144 F. App'x 465, 472 (6th Cir. 2005) (affirming the dismissal of the plaintiff's due

process claim for failure to return his property because the plaintiff failed to demonstrate that his

existing state remedies, including a conversion action, were inadequate); *Payne v. Lowry*, No. 18-

11154, 2019 WL 4892415, at *9–10 (E.D. Mich. Aug. 15, 2019), *adopted by* 2019 WL 4316266

(E.D. Mich. Sept. 11, 2019) (holding that the plaintiff's due process claim was subject to dismissal

because "under Michigan law, adequate state remedies are available to redress the loss or failure

to return Plaintiff's property"). As noted, Trimble has not alleged the inadequacy of his state law

remedies, which include, at a minimum, both tort and statutory actions for conversion, *see* Mich.

Comp. Laws § 600.2919a, and a civil action pursuant to Mich. Comp. Laws § 600.2920 to recover

possession of, or damages for, goods and chattels unlawfully taken or detained.

Finally, Trimble's due process claim under the Michigan constitution should be dismissed.

Both the federal constitution and Article 1, Section 17 of the Michigan Constitution guarantee that

7

a person shall not be deprived of "life, liberty, or property, without due process of law." "Michigan courts have held that where the federal and state constitutions contain identical or virtually identical provisions, federal law should be followed." *Beck v. Haik*, No. 99-1050, 2000 WL 1597942, at *3 n.2 (6th Cir. Oct. 17, 2000) (citing *People v. Stanaway*, 446 Mich. 643, 649 n.1 (1994); *Sitz v. State Police*, 443 Mich. 744, 763 (1993)). Because the Due Process Clause of the Michigan constitution "affords no greater protection than the federal guarantee," *American States Ins. Co. v. State Dep't of Treasury*, 220 Mich. App. 586, 589 n.1 (1996) (citing *Saxon v. Dep't of Soc. Servs.*, 191 Mich. App. 689, 698 (1991)), the Court should also dismiss the due process claim under the Michigan constitution.

### B.    *Younger* Abstention

Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute

is 'flagrantly and patently violative of express constitutional prohibitions,'" *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

*Younger* abstention appears to be appropriate in this case. First, at a minimum, Defendant Juusola's conduct may well relate to the state criminal proceeding. Although the basis for Trimble's violation of the statute is not entirely clear, it is possible that the resisting or obstructing charge and Trimble's excessive force claim both depend on whether Trimble, in fact, resisted and obstructed Defendant Juusola. *See White v. City of Grand Rapids*, No. 1:19-cv-877, 2019 WL 6907140, at *4 (W.D. Mich. Dec. 19, 2019) ("The reasonableness of the force used by Defendants depends on whether Plaintiff resisted or obstructed arrest and/or caused injury to Defendant Brown."). Although Trimble has pled guilty, he has not yet been sentenced, and the appeal period has not run. *See Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) ("Ordinarily, a state proceeding ends when the time for appeal has run.") (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)). Thus, the state criminal proceeding is still ongoing. Second, Trimble's prosecution involves important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Trimble to raise his constitutional challenges to the validity of his arrest and prosecution.

Furthermore, Trimble's allegations do not implicate any of the *Younger* exceptions. He does not allege a flagrantly unconstitutional statute or an extraordinarily pressing need for federal relief. Because none of the exceptions to *Younger* abstention applies, the doctrine supports abstention here. Consequently, so long as Trimble's criminal proceeding remains pending in state court, the Court should refrain from reviewing Defendants' acts of arresting Trimble and employing force against him.

*Younger* abstention warrants dismissal of a claim without prejudice. However, where the relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion in deciding to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Because Trimble seeks damages as part of his relief, I recommend that the Court stay this action until further order of the Court following final resolution of the state criminal proceeding, including expiration of the appeal period or a final decision on any appeal. I further recommend that the Court administratively close this action and direct Plaintiff to file a motion to reopen it within 30 days after expiration of the appeal period or a final decision on any appeal. The motion should describe the result in the state-court case, including the result of any appeal. Finally, the

10

Court should advise Plaintiff that failure to file a motion to reopen by the deadline provided may result in the dismissal of the instant case without prejudice.

### C. Improper Service

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action for "insufficient service of process." "A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint." *Rose v. Bersa*, 327 F.R.D. 628, 632 (S.D. Ohio 2018). The plaintiff bears the burden of proof in determining whether the summons and complaint were properly served on the defendant. *See Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). Moreover, "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Here, it is undisputed that Defendants have not been properly served pursuant Federal Rule of Civil Procedure 4(e)(2) or Michigan Court Rule 2.105(A) by personal service of the summons and complaint, as Trimble does not address the issue in his response. However, a court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342–43 (W.D. Tenn. 2004) (stating that "[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. "[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952); *see also Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y. 1985) (noting that "[w]hen the gravamen of defendant's motion is insufficiency of process . . . the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service").

11

Nonetheless, in light of the foregoing recommendation to stay and administratively close this matter, I recommend that the Court deny the motion to dismiss/quash as moot and revisit the issue of service once Plaintiff files his motion to reopen the case.

### III.  Conclusion

For the reasons set forth above, I recommend that the Court (1) **dismiss** Trimble's Fifth Amendment right against self-incrimination claim, his Eighth/Fourteenth Amendment claims to the extent they serve as the basis for his excessive force claim, and his Fourteenth Amendment (and Michigan Constitution) due process claims for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; (2) **grant** Defendants' motion insofar as it raises abstention under *Younger v. Harris*, 401 U.S. 37 (1971), but stay, rather than dismiss, the action; and (3) **deny** Defendants' motion to dismiss for insufficient service of process as moot.

Dated: March 16, 2026                                    /s/ Sally J. Berens                
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge

### <u>NOTICE</u>

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).